826 F.2d 1061
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Josephus McMURTREY, Defendant-Appellant.
 No. 87-5002
 United States Court of Appeals, Fourth Circuit.
 Argued May 8, 1987.
Decided Aug. 13, 1987.
 
 Kathleen A. Birrane (Andrew Jay Graham; Kramon & Graham, P.A., on brief), for appellant.
 Charles Preston Scheeler, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney, on brief), for appellee.
 Before SPROUSE and CHAPMAN, Circuit Judges, and MOTZ, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 John J. McMurtrey appeals from his conviction after a jury trial on one count of threatening the life of the President in violation of 18 U.S.C. Sec. 871(a).[1] We affirm.
 
 
 2
 In October 1983 McMurtrey visited the Federal Bureau of Investigation's Woodlawn, Maryland, office and complained that local authorities had conducted an inadequate investigation into the 1980 killing of his stepmother. He informed the interviewing agent that President Reagan was responsible for his stepmother's death and that if he was armed and near the President, he might take some action against the President. The agent notified the Secret Service of McMurtrey's comments, but no charges were filed against him.
 
 
 3
 McMurtrey was indicted for statements he made two years later to the night auditor of a Bowie, Maryland, motel where he was employed. After informing his co-worker that the President was responsible for the death of his stepmother, McMurtrey stated: 'I'll get even with him. I'll kill him.' The night auditor was disturbed by McMurtrey's statements and she notified her superior of them. The police were informed, and they in turn called in the Secret Service.
 
 
 4
 Two Secret Service agents interviewed McMurtrey at his Maryland home. During the interview, McMurtrey characterized the President as an arch criminal who was responsible for the murder of his stepmother. He further stated that he would have the right to kill the President if something was not done about his stepmother's death. Shortly thereafter, the agents arrested McMurtrey on the basis of his earlier communication to the motel employee.
 
 
 5
 In December 1985, while incarcerated and awaiting trial, McMurtrey sent a letter to the night auditor of the Maryland motel in which he denied making the threatening statements she had attributed to him. He admitted, however, that 'I may have said 'the score needs to be evened up. He needs to be interrogated. He needs to be held accountable, perhaps unto pain of death. If I had to interrogate him I might kill him, I don't know if I would. . . ." The motel employee testified as the government's principal trial witness and McMurtrey was convicted after a two-day trial.
 
 
 6
 McMurtrey first contends that 18 U.S.C. Sec. 871(a) is unconstitutional as applied to him[2] because his threats did not constitute an assault, disrupt national security, or interfere with the activities of the President. According to McMurtrey, his statements are therefore protected by the first amendment. We cannot agree.
 
 
 7
 As a preliminary matter, it is clear that McMurtrey's statements were not intended as political hyperbole or jest. Compare United States v. Patillo, 431 F.2d 293, 295 (4th Cir. 1970), aff'd, 438 F.2d 13 (4th Cir. 1971) (en banc), with Watts v. United States, 394 U.S. 705 (1969). Nor were they conditioned on the occurrence of any future event. Cf. Watts, 394 U.S. at 706-07. Moreover, the statements in question were not uttered in a context or forum that could clothe them with first amendment protection. Cf. id. (alleged threatening statement made at a public protest rally on the grounds of the Washington Monument). McMurtrey's threats were made at his place of employment in a one-on-one encounter with an unwilling listener who was plainly uninterested in and disturbed by their content. The jury found under appropriate instructions from the court that McMurtrey knowingly and willfully uttered a true threat against the President's life. See Patillo, 431 F.2d at 295. In light of the compelling interests the statute protects, McMurtrey's speech simply cannot qualify for first amendment protection, and the statute is not unconstitutional as applied to him.
 
 
 8
 McMurtrey contends alternatively that there was insufficient evidence to support his conviction. We disagree. The essential elements of the 18 U.S.C. Sec. 871(a) offense are: 1) that the defendant uttered the words alleged to constitute a threat to a protected officer; 2) that the words were spoken as 'a true threat,' Watts, 394 U.S. at 708; and 3) that the defendant uttered the words knowingly and willfully, that is, with a present intent to do injury, Patillo, 431 F.2d at 298. Although we might sympathize with McMurtrey because of the delusion that apparently motivates him, the evidence presented at trial clearly was sufficient to establish each element of the crime for which he was convicted. See Glasser v. United States, 315 U.S. 60, 80 (1942) (establishing standard of review for contentions of insufficient evidence to support a guilty verdict); United States v. MacDougall, 790 F.2d 1135, 1151 (4th Cir. 1986) (same).
 
 
 9
 We have considered the other contentions that McMurtrey raises, but find that they lack merit. The judgment of the district court is therefore affirmed.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 McMurtrey was sentenced to a term of five years probation on the condition that, inter alia, he undergo psychiatric treatment
 
 
 [2]
 There is no question of the statute's facial constitutionality. See United States v. Watts, 394 U.S. 705, 707 (1969)